**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ESTATE OF JOHNSON,<br>c/o Johnson, Anthony, Beneficiary,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF PENNSYLVANIA et al.,<br><br>Defendants. | Civil Action No.: 2:21-cv-04597-MMB |

**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-4,[1] NewRez LLC d/b/a Shellpoint Mortgage Servicing, Dan Egan, and Jason Yates (collectively, "Defendants"), by and through the undersigned counsel, hereby move to dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rules of Civil Procedure 8(a), 9(b) and 12(b).

## I. INTRODUCTION

This case involves a claim by filed by Plaintiff, Anthony Johnson, purported beneficiary of the "Estate of Johnson," on October 20, 2021. The Complaint appears to concern title to real property located at 1111 East Upsal Street, Pennsylvania 19119 (the "Property") for which Plaintiff has received foreclosure notices and writs of ejectment. CM/ECF Doc. No. 1, pp. 10, 13. This is essentially the extent of the factual detail provided in the Complaint. The Complaint goes on to reference a host of federal statutes under which Plaintiff purports to bring his claims, including the Declaratory Judgment Act (*Id.*, p. 11), the Single Family Mortgage Foreclosure Act

[1] The Complaint incorrectly identifies "Bank of New York" as a Defendant. The former mortgagee of the Mortgage that is believed to be referenced in Plaintiff's Complaint is "The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-4.

(*Id.*, p. 12), the Racketeer Influenced and Corrupt Organizations Act (*Id.*, p. 15), and the False Claims Act (*Id.*, p. 16), among others.

However, given the vague and unintelligible nature of the Complaint, Plaintiff has failed to meet the pleading requirements under Rule 8(a), and failed to state a claim upon which relief can be granted under Rule 12(b)(6). Moreover, Plaintiff has undoubtedly failed to meet the heightened pleading standard for fraud under Rule 9(b). For these reasons, Plaintiff's Complaint must be dismissed.

## II.   STATEMENT OF LAW AND ARGUMENT

### A.   Standard Of Review

Under the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). A complaint must be dismissed when it fails to state a plausible claim for relief. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a complaint filed by a *pro se* litigant, the complaint is to be "liberally construed" and a "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Despite this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

Here, because Plaintiff's Complaint fails to meet the pleading standard established in *Ashcroft v. Iqbal*, it should be dismissed in its entirety.

**B. Plaintiff Has Failed To State A Cognizable Claim Against Defendants.**

Plaintiff alleges that he wishes to file a complaint under a host of federal statutes, but Plaintiff does not allege sufficient facts – even construed liberally – to meet the standard to establish a cognizable claim.

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1949). To prevent dismissal, a complaint "must now set out 'sufficient *factual* matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (citing *Iqbal*, 129 S.Ct. at 1948) (emphasis added).

"When presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the *facts* alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.*, at 210-211 (emphasis added). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to '*show*' such an entitlement with its *facts*." *Id.* at 211. (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008))

(emphasis added). "As the Supreme Court instructed in *Iqbal*, '[w]here the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (citing *Iqbal*, 129 S.Ct. at 1950) (emphasis added).

The plaintiff's factual allegations must show that the plaintiff's claim is "plausible," not merely "conceivable." *Iqbal*, 129 S.Ct. at 1951. In applying the plausibility standard set forth in *Twombly* and *Iqbal*, a court "assume[s] the veracity" only of "well-pleaded factual allegations," and draws all reasonable inferences from such allegations in the plaintiff's favor. *Id.* at 1950. Pleadings that "are no more than conclusions," however, "are not entitled to the assumption of truth." *Id.*

In this case, Plaintiff's Complaint fails to articulate any facts to support a claim for which relief can be granted against Defendants. While Plaintiff alleges that he is bringing claims under a number of federal statutes, he does not specifically state which causes of action he is raising against the Defendants, the factual basis for the alleged claims, or the relief sought. Indeed, it is impossible to discern from the Complaint what is actually at issue in this case with respect to any of the Defendants because the Complaint is incomprehensible. The Complaint does nothing to put Defendants on notice of the claims they must defend, and both the Defendants and this Court are left to guess at the nature of the claims asserted. Absent any credible allegations of fact that Defendants violated a Federal or State law and caused Plaintiff's harm, the Court should dismiss the Complaint in its entirety for failure to state a claim.

**C. Plaintiff Has Not Sufficiently Pled A Claim For Fraud.**

Next, assuming that Plaintiff attempts to set forth a claim for fraud, the claim must fail because he has not pled the elements of fraud with sufficient particularity under Rule 9(b).

Rule 9(b) requires plaintiffs "to plead with particularity the 'circumstances' of the alleged

fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984); *see also Kester v. Zimmer Holdings, Inc.*, 2010 U.S. Dist. LEXIS 59869, at *41 (W.D. Pa. June 16, 2010) (explaining that plaintiffs must "inject[] precision and some measure of substantiation into their allegations of fraud" to satisfy "the stringent pleading restrictions" of Rule 9(b)).

Here, Plaintiff includes references to "fraud" throughout the Complaint. *See* CM/ECF Doc. No. 1, pp. 10, 12, 15, 16. But, Plaintiff does not provide any detail concerning the content and circumstances of any alleged fraud. He offers no factual allegations concerning the substance of any supposedly fraudulent misrepresentations, when and by whom they were made, and whether and how they were communicated to him. Instead, his claims are predicated on wholly conclusory allegations. Courts have routinely held that threadbare allegations such as those in Plaintiff's Complaint do *not* satisfy Rule 9(b). *See, e.g.*, *Kester*, U.S. Dist. LEXIS 59869, at *41 (dismissing fraud-based claims for failure to satisfy Rule 9(b)). It follows then that the Court should grant Defendants' Motion and dismiss any purported fraud claim asserted by Plaintiff.

## III.  CONCLUSION

For the reasons stated, Defendants The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-4, NewRez LLC d/b/a Shellpoint Mortgage Servicing, Dan Egan, and Jason Yates respectfully request that this Honorable Court grant their Motion and dismiss Plaintiff's Complaint with prejudice.

Dated: November 18, 2021

/s/ Jeffrey M. Stacko

Jeffrey M. Stacko, Esq.
Pa. I.D. No. 314941
DINSMORE & SHOHL LLP
Six PPG Place, Suite 1300
Pittsburgh, PA 15222
412.281.5000 (t)
412.281.5055 (f)
jeffrey.stacko@dinsmore.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 18th of November, 2021 a copy of the foregoing Brief in Support of Motion to Dismiss Plaintiff's Complaint was served upon the following parties as indicated below:

By First Class U.S. Mail, postage prepaid, upon Plaintiff:

Anthony Johnson
1111 East Upsal Street
Philadelphia, Pennsylvania 19119

By operation of the Court's electronic filing system upon all counsel of record.

/s/ Jeffrey M. Stacko
Jeffrey M. Stacko, Esq.